UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24674-BLOOM/Elfenbein

OLENA V. MUSHYNKEVYCH,
A/A/O SERGEJ TEWS,

    Plaintiff,

v.

INFINITY AUTO INSURANCE COMPANY
AND ESSENTIA INSURANCE COMPANY,

    Defendants.
_____/

**OMNIBUS ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Olena Mushynkevych's Motion for Leave to File Second Amended Complaint ("Motion to Amend"), ECF No. [20], and Motion to Remand, ECF No. [21]. Defendant Essentia Insurance ("Essentia") filed Responses in Opposition, ECF No. [34], [35] to which Plaintiff filed a Reply, ECF No [48]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motions are granted.

**I.    BACKGROUND**

This matter arises from a car accident and the resulting insurance dispute between Plaintiff, the driver Sergej Tews ("Tews"), and Plaintiff's and Tews' respective insurance companies. Plaintiff is the owner of a 2018 Ferrari ("Vehicle") insured by Defendant Essentia. On August 24, 2023, Plaintiff gave Tews express consent to borrow the Vehicle. ECF No. [1-2] at 3. That same day, Tews was driving the Vehicle and was involved in a single-car collision, causing significant

damage to the Vehicle. *See id.* While Plaintiff claims the Vehicle damage was covered by her insurance policy with Defendant Essentia, Tews also had an insurance policy with Defendant Infinity Auto Insurance Company ("Infinity") which provided comprehensive and collision coverage to Tews and his insured auto. *See id.* at 2-4. Plaintiff alleges she and Tews timely provided Defendant Infinity with notice of the loss, but Infinity denied coverage for the Vehicle. *See id.* at 4. Plaintiff also timely filed a notice of loss with Defendant Essentia under her own policy, but Essentia has also failed to reimburse Plaintiff'. *See id.* at 5.

On September 14, 2023, Plaintiff filed a complaint in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida against Defendant Infinity for breach of contract in failing to provide coverage pursuant to Tews' insurance policy. ECF No. [1-1]. On July 24, 2024, Plaintiff retained new counsel, and thereafter filed the Amended Complaint, adding a breach of contract claim against Defendant Essentia. ECF Nos. [1-2]; [19]. Plaintiff served the Amended Complaint on October 30, 2024, and Essentia removed the case to federal court on November 27, 2024.[1] ECF No. [1].

Shortly thereafter, on December 5, 2024, Essentia filed a Motion to Abate, to Strike, and/or Dismiss the Amended Complaint. ECF No. [8]. In its Motion, Essentia requests the Court to abate the action "to allow Essentia to complete its claims investigation." *Id.* at 1. Essentia claims Plaintiff's daughter was in the Vehicle with Tews when the accident occurred and that she operates a Turo account, which allows individual car owners to rent their vehicles to third parties

---

[1] As will be discussed later in this Order, the Court questions whether removal was timely given that removal was based on the Court's diversity jurisdiction and removal occurred more than one year after the case was filed. *See McCoy v. Washington*, 7:24-cv-00879, 2024 WL 4545972, at *2 (N.D. Ala. Oct. 22, 2024) ("if the case is removable based on diversity jurisdiction it cannot be removed more than one-year after the complaint was filed, unless the plaintiff acted in bad faith to prevent removal.") (quoting 28 U.S.C. § 1446(c)(1)).

in a private, online, 'rental marketplace.'"[2] *Id.* at 3. Essentia also asserts that Plaintiff's policy provides the following limitation on coverage:

> Coverage will be suspended if "your covered auto" is: (A) Rented or leased to any person for a fee; (B) Used to carry persons or property for a fee, or for any commercial use unless prior written consent has been obtained from us; or (C) Used for any illegal act by any person.

*Id.* Given the discovery of the Turo account and the terms of the policy, Essentia contends it should be given an opportunity to make a claim determination before this case moves forward. *See id.* at 5. On December 24, 2024, Infinity filed a Motion to Dismiss on different grounds. ECF No. [17]. Infinity contends that the breach of contract claim against it must be dismissed because Plaintiff has failed to allege sufficient allegations to demonstrating privity of contract between Plaintiff and Infinity as there is a no showing of a valid assignment. *See id.* at 5-6.

On January 1, 2025, Plaintiff filed a Motion to Drop Infinity from the case, claiming that Plaintiff's prior counsel erroneously named Infinity instead of Tews as a Defendant. ECF No. [19]. Plaintiff then proceeded to file a Motion Seeking Leave to file a Second Amended Complaint. ECF No. [20]. The proposed Second Amended Complaint adds Tews (a non-diverse party) as a Defendant and asserts one count of negligence against Tews for negligently operating Plaintiff's automobile and causing the accident. *See id.* at 5. Because Plaintiff and Tews are both citizens of Florida, Plaintiff contends that joining Tews as a Defendant will destroy the Court's diversity jurisdiction. *See* ECF No. [21] at 3. Since there is no other alleged basis for federal subject matter, Plaintiff also seeks remand of the case. *Id.*

Essentia opposes Plaintiff's Motion for Leave to Amend and to Remand, arguing that Plaintiff's efforts to join Tews is simply an attempt to destroy diversity and avoid federal

---

[2] Essentia also claims it "discovered photographs seemingly of the Ferrari in question offered for rent on Turo's website." ECF No. [8] at 3.

jurisdiction. *See* ECF No. [34]. Essentia argues that given Plaintiff's motivation and the prejudice Essentia would suffer were the Court to allow joinder, the Court should deny Plaintiff's Motion to Amend, and the accompanying Motion to Remand, and proceed with this case in federal court. *Seed id.* at 2.

## II.   LEGAL STANDARD

### A.  Diversity Jurisdiction—28 U.S.C. § 1332 (a)(1) and 28 U.S.C. § 1447(e)

Federal courts are courts of limited jurisdiction and, therefore, a state court case may be removed to federal court only if the controversy involves a federal question or the federal court has diversity jurisdiction. *See* 28 USC § 1331; 28 USC § 1332(a)(1); *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880 (11th Cir. 2020). A case satisfies the diversity jurisdiction requirements necessary for removal "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "there is complete diversity between all named plaintiffs and all named defendants[3] and no defendant is a citizen of the forum State." § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Because diversity jurisdiction requires complete diversity at all stages of a case, diversity jurisdiction will be destroyed if a non-diverse party is joined following removal. *See Ingram v. CSX Transp., Inc.*, 146 F. 3d 858, 862 (11th Cir. 1998). Once diversity is destroyed, the federal court lacks jurisdiction and the case must be remanded back to state court. *Id.*

When a plaintiff attempts to join a party that would destroy diversity jurisdiction after the case has been removed to federal court, 28 U.S.C. § 1447(e) applies. *Id.* Section 1447(e) provides

---

[3] "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend,* 559 U.S. 77 (2010); *see also* 28 U.S.C. § 1332(a).

4

that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may [either] deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[4] "The district court ha[s] no discretion to add [a non-diverse] defendant, retain jurisdiction[,] and decide the case on the merits." *Ingram*, 146 F. 3d at 862.

Although Rule 15 of the Federal Rules of Civil Procedure generally applies when a plaintiff seeks to join a party, the Eleventh Circuit has determined that 28 U.S.C. § 1447(e) is the applicable law for joinder of a non-diverse party sought after removal. *See Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x. 866, 868-69 (11th Cir. 2018). The rationale behind applying § 1447(e) rather than Rule 15(a) is "to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1321 (S.D. Fla. 2017). Rule 15(a) directs courts to freely give leave to amend when justice so requires.[5] However, joinder of a defendant that would destroy diversity jurisdiction must be subject to the court's broad discretion and increased scrutiny given the court's need to balance the defendant's federal forum interest with the plaintiff's interest in joining a non-diverse defendant and avoiding parallel lawsuits. *See Hickerson v. Enter. Leasing Co. Ga.*, 818 F. App'x. 880, 885 (11th Cir. 2020); *Reyes v. B.J.'s Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) ("[I]n an instance where the amended pleading would name a new non-diverse defendant in a removed case, the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join."); *Andreasen*, 276 F. Supp. 3d at 1324 (citing *Small v. Ford Motor. Co.*,

---

[4] *See Ingram*, 146 F. 3d at 862 (explaining that once a party has requested to join a non-diverse party, the court has two options: "(1) deny joinder; or (2) permit joinder and remand [the] case to state court").

[5] *See* Fed. R. Civ. P 15(a).

5

923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) ("In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits")).

While there is no binding precedent in this Circuit on how to determine whether joinder of a non-diverse defendant after removal is appropriate, the Eleventh Circuit has found the balancing test set out in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987) instructive. *See Hickerson,* 818 F. App'x at 885. The *Hensgens* test requires courts to balance the following four factors: "(1) 'the extent to which the purpose of the amendment is to defeat federal jurisdiction,' (2) 'whether plaintiff has been dilatory in asking for amendment,' (3) 'whether plaintiff will be significantly injured if amendment is not allowed,' and (4) 'any other factors bearing on the equities.'" *Hickerson*, 818 F. App'x at 885 (quoting *Hensgens*, 833 F.2d at 1182); *see Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1322-24 (S.D. Fl. 2017) (adopting the *Hensgens* factors); *Broton v. Walmart, Inc.,* Case No. 24-cv-60139, 2024 WL 3935688, at *2 (S.D. Fla. Aug. 26, 2024).

**III.   DISCUSSION**

Plaintiff seeks to amend the Complaint to add Tews as a Defendant in order to bring a negligence claim against Tews. ECF No. [20][6] Plaintiff contends that when determining whether

---

[6] Plaintiff's proposed amendment of Count I alleges:

> On or about August 24, 2023, Defendant, Sergej Tews was operating the aforesaid Ferrari with the express and or implied permission, knowledge and/or consent of its owner, Plaintiff, Olena v. Mushynkevych. At said time and place, Defendant, Sergej Tews operated the aforesaid vehicle in Miami-Dade County, Florida in a negligent fashion resulting in property damage to said vehicle. Wherefore, Plaintiff, Olena v. Mushynkevych demands judgment against Defendant Sergej Tews for property damage to the aforesaid vehicle including prejudgment and post judgment interest, costs, reasonable attorney's fees, and for any other such further relief this Court deems just and proper.

ECF No. [20] at 5.

6

to allow joinder of a party following removal, the Court "must conduct a balancing of the equities involved." *Id.* at 2. According to Plaintiff, key factors that courts consider are "whether a [p]laintiff has been dilatory in asking for amendment and whether [the] [p]laintiff would be significantly injured if amendment is not allowed." *Id.*

Plaintiff argues that, under the circumstances, leave to amend is appropriate because Plaintiff was not dilatory in seeking to join the non-diverse Defendant given that Plaintiff filed the proposed amendment adding Tews "shortly after the filing of Defendant [ ] Essentia Insurance Company's Notice of Removal." *Id.* Moreover, Plaintiff argues that she would suffer substantial prejudice if she was not granted leave to amend as she would be "forced to pursue only one defendant when [she has] a viable claim against another." *Id.*

Essentia responds that leave to amend must be denied because "Plaintiff fails to show any justifiable reason to amend other than to destroy diversity jurisdiction in this action." ECF No. [34] at 2. Despite initiating the action more than fifteen months ago, Plaintiff waited until the case was removed to add the driver of the vehicle to the case. *See id.* Moreover, Essentia argues that it would suffer undue prejudice if the proposed negligence action against the tortfeasor were allowed to proceed together with an action for coverage against the insurance company. *See id.* at 2.

**A. First *Hensgens* Factor: The Extent to Which the Purpose of the Amendment is to Defeat Diversity Jurisdiction**

Essentia argues that Plaintiff has failed to satisfy the first *Hensgens* factor because Plaintiff offers no reasonable explanation for the proposed amendment other than to defeat diversity jurisdiction. *See* ECF No. [34] at 4. Although "Plaintiff's Motion to Drop Infinity asserts that Plaintiff erroneously named Infinity as a Defendant, [Essentia contends that argument] is belied by the fact that Plaintiff sought out and obtained an Assignment of Benefits from Sergej Tews for the sole purpose of suing Infinity." *Id.*

7

Plaintiff replies that the purpose of seeking to add Tews as a Defendant is not to destroy the Court's jurisdiction, but rather because Tews is an indispensable party to the action given that Tews "caused said accident and resulting damages" to Plaintiff's vehicle. ECF No. [48] at 4. Therefore, Plaintiff argues that joining Tews is not an attempt at forum manipulation but is instead a product of the facts and circumstances of this case. *See id.*

The first *Hensgens* factor requires the Court to determine whether the sole purpose of Plaintiff's proposed amendment is to defeat federal jurisdiction. *See Hensgens*, 833 F.2d at 1182; *Taylor v. Ala. CVS Pharmacy, L.L.C.*, Case No. 7:16-cv-1827, 2017 WL 3009695, at *8 (N.D. Ala. July 14, 2017) ("The first factor to consider is whether the amendment is offered solely for the purpose of defeating jurisdiction."). When analyzing this factor, "courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal." *Hickerson*, 818 F. App'x at 885 (citing *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009)). Additionally, courts look to see "whether the claim against the proposed defendant is relatively strong or weak on the merits." *Taylor*, 2017 WL 3009695, at *8 (citing *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281-82 (N.D. Ala. 2002)).

While it is true that Plaintiff was aware of Tews as a likely Defendant in this case as early as August 2023, that fact alone is not dispositive of Plaintiff's motives to amend. *See Weaver v. Family Dollar Stores of Ga., LLC*, 1:20-CV-03072, 2021 WL 12300125, at *4 (N.D. Ga. June 14, 2021) ("[T]he Court disagrees with Defendant Family Dollar, finding that 'other courts have held that the timing of plaintiff's motion is insufficient by itself to tilt this first factor in favor of the defendant.' [ ] Instead, courts in the Eleventh Circuit look to whether the plaintiff had 'an alternative motive or purpose' behind the motion to add a non-diverse party when considering this

factor.") (emphasis in the original) (quoting *El Chico Restaurants, Inc. v. Aetna Cas. and Sur. Co.*, 980 F. Supp. 1474, 1485 (S.D. Ga. 1997)). As Essentia acknowledges, Plaintiff appears to have initially elected not to sue Tews—notwithstanding a potentially strong claim of negligence against him—because Plaintiff intended to rely on Tews' assignment of benefits in order to recover under Tews' insurance policy with Infinity. *See* ECF No. [34] at 4. However, following Infinity's Motion to Dismiss on the basis that no valid assignment existed, Plaintiff determined she lacked a viable claim against Infinity. *See* ECF No. [48] at 5. Accordingly, since Plaintiff could no longer rely on an assignment, Plaintiff now seeks to bring a negligence claim directly against Tews. *See* ECF Nos. [20] at 2; [48] at 4.

Therefore, even though Plaintiff filed her Motion to Amend after the case had already been removed, the Court finds it noteworthy that Plaintiff sought to drop Infinity and sue Tews promptly after Infinity filed its Motion to Dismiss. *See* ECF No. [17]; ECF No. [19]; ECF No. [20]. The timing of events suggests that the delay in the attempted joinder of Tews was due in large part to Plaintiff's failure to realize that prior to removal she lacked a viable claim against Infinity based on the assignment of benefits from Tews. Accordingly, the Court finds there is a reasonable alternative explanation for the proposed amendment that is not based on destroying the Court's diversity jurisdiction. Because the record reflects that forum concerns were not Plaintiff's primary basis for seeking leave to amend, the first *Hensgens* factor weighs in favor of permitting the proposed amendment. *See Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc.*, Civ. Act. No. 2:05CV783-SRW, 2006 WL 3924795, at *2 (M.D. Ala. Dec. 15, 2006) (finding that the first *Hensgens* factor weighed in plaintiff's favor where the plaintiff was able to show that the motion to amend "was not filed primarily for the purpose of defeating federal jurisdiction").

### B. Second *Hensgens* Factor: Whether Plaintiff Has Been Dilatory in Seeking an Amendment

Essentia asserts that Plaintiff initiated this action more than fifteen months ago, and at no point during that time until the filing of her instant Motion to Amend "did Plaintiff attempt to obtain any discovery from Mr. Tews" despite being fully aware of his role in the accident. ECF No. [34] at 5. According to Essentia, it was only after Essentia removed this action to federal court . . . did Plaintiff attempt to amend the Complaint for a second time to add Mr. Tews." *Id.* Given the significant delay, Essentia argues that the second *Hensgens* factor weighs against Plaintiff's proposed amendment here. *See id.*

Plaintiff contends that Essentia misrepresents the true amount of delay before the proposed amendment. *See* ECF No. [48] at 4. While the action was commenced by prior counsel on September 14, 2023, Plaintiff's current counsel did not join the case until shortly before the filing of the Amended Complaint in September 2024. *See id.* Although Plaintiff concedes that her new counsel could have dropped Infinity and added Tews at the time of the First Amended Complaint, Plaintiff did not realize that she had incorrectly sued Infinity instead of Tews until Infinity had filed its Motion to Dismiss on December 24, 2024. *See id.* at 5. Because Plaintiff filed the proposed amendment just over a week after Infinity's Motion to Dismiss, Plaintiff contends there was no significant delay in seeking amendment. *See id.*[7]

The Court finds that Plaintiff was not unduly dilatory in waiting to add Tews as a party in this case. While Plaintiff was aware of Tews' potential liability well before removal and the filing

---

[7] Plaintiff's also correctly points out that she filed her Motion for Leave to File the Second Amended Complaint within this Court's deadline for the parties to file all motions to amend pleadings or join parties. *See* ECF No. [48] at 5.

10

of the proposed amendment,[8] Plaintiff did not recognize the need to bring an action against Tews directly until after Plaintiff had acquired new counsel and had reviewed Infinity's Motion to Dismiss. This explanation serves to excuse the delay. *See Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (finding that obtaining new counsel and conducting further investigation into the facts were reasonable justifications for adding a non-diverse party after removal) (citing *Chism v. Burlington Northern Railroad Co.*, No. 1:95CV351, 1996 WL 408907, at *2 (N.D. Miss. July 1, 1996) (acknowledging that changed circumstances may justify a delay after removal); *see also McCrory v Costco Wholesale Corp.*, 584 F. Supp. 3d 1091, 1098 (2022) (noting that a "post-removal intention to sue a non-diverse defendant might not indicate a purpose to defeat federal jurisdiction"). If Plaintiff had brought a claim of negligence against Tews at the inception of this case, it is reasonable to assume that Tews may not have been willing to assign his benefits under his Infinity insurance policy over to Plaintiff. As such, while Infinity was in the case, Plaintiff had a reason not to sue Tews, notwithstanding her knowledge of his potential liability. However, once Plaintiff realized she no longer had a viable claim against Infinity, she was free to assert a claim against Tews. Given the changed circumstances, although there was a delay, there was not an *undue* delay that would weigh against amendment.

Moreover, Plaintiff's proposed amendment was filed just over a month after Essentia removed the case and well before the Court's deadline for filing amendments or to join additional parties. *See* ECF No. [12]. Courts have routinely found that amendments filed approximately a month after removal and before any deadlines are not unduly dilatory. *See Miller v. Ussa Casualty Ins. Co.*, Case No: 8:23-cv-499, 2024 WL 3440134, at * 4 (M.D. Fla. July 17, 2024) (citing *Shanks*

---

[8] *See Burns v. Winnebago Industries Inc.*, 492 F. App'x 44, 47 (11th Cir. 2012) (noting that "the mere passage of time is not enough to deny a motion to amend).

11

*v. Globe Metallurgical, Inc.*, 390 F. Supp. 3d 1323, 1337 (S.D. Ala. 2019) (finding plaintiffs were not dilatory when they sought to amend the complaint one month after the case was removed); *Dever v. Family Dollar Stores of Ga., LLC*, No. 2:17-cv-19, 2018 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018) (finding that motion to amend a month and half after removal and after discovering the wrong defendant was sued was not dilatory) (citing *Starnes Davis Florie, LLP v. GOS Operator, LLC*, No. CIV.A. 12-0387-WS-N, 2012 WL 3870413, at *4 (S.D. Ala. Sept. 5, 2012)). Accordingly, since Plaintiff offers a legitimate justification for failing to amend prior to removal and because the proposed amendment was filed shortly after removal, the Court finds that the second *Hensgens* factor weighs in favor of amendment.

### C. Third *Hensgens* Factor: Whether Plaintiff Will Be Significantly Injured if Amendment is Not Allowed

Essentia argues that Plaintiff will suffer no significant injury if the Court denies the proposed amendment because "Plaintiff is free to litigate her negligence action against Mr. Tews separately, [in state court,] while maintaining [her] breach of contact action for coverage against her own carrier" in federal court. ECF No. [34] at 5.

Plaintiff replies that she will suffer significant injury were the Court to deny amendment because Tews is an indispensable party to this action. *See* ECF No. [48] at 3. Moreover, if the proposed amendment is not granted, she "would be forced to pursue only one defendant when [she has] a viable claim against another." ECF No. [20] at 2.

When considering the third *Hensgens* factor, courts "generally attempt[ ] to determine whether a plaintiff can be afforded complete relief in the absence of the amendment." *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005); *see Smart v. Circle K Stores, Inc.*, Case No. 2:24-CV-73, 2024 WL 4184071, at *3 (M.D. Ala. Sept. 9, 2024).While courts may also consider the imposition of unnecessary costs on parties as a result of parallel

proceedings, the Eleventh Circuit has indicated that "[b]eing made to litigate against [the nondiverse defendant] in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiff's part—such that this factor weighs in the plaintiff's favor." *Hickerson*, 818 F. App'x at 886; *see George v. Caribou Coffee, Inc.*, Civ. Act. No. 1:20-CV-3052, 2020 WL 13594963, at *4 (N.D. Ga. Oct. 20, 2020).

Here, Plaintiff has failed to show she would be deprived of a remedy if Tews is not joined as a party in this case. Plaintiff insists that Tews is a necessary party simply because he was the alleged cause of the damage to the vehicle. Although Plaintiff will necessarily have to prove that there was damage to the vehicle to sustain her claim, Plaintiff offers no reason why Plaintiff would need to prevail on a negligence claim against Tews in order to prevail on her breach of contract claim against Essentia. While there are certainly overlapping facts, Plaintiff can still prevail on her breach of contract based on an insurance policy without a determination of liability on the part of Tews.

Furthermore, denying joinder does not preclude Plaintiff from pursuing the negligence claim against Tews in state court. Neither party has identified a statute of limitations concern. Therefore, the primary burden is the additional time and cost of another case, not the availability of relief. Accordingly, since the burden of proceeding in parallel state and federal cases with overlapping factual issues is not a significant consideration in this analysis, *see Hickerson*, 818 F. App'x at 886, the third factor weighs against the proposed amendment.

### D. Fourth *Hensgens* Factor: Any Other Factors Bearing on the Equities

"The final *Hensgens* factor is 'any other factors bearing on the equities.'" *Weaver*, 2021 WL 12300125, at *4. While the defendant's interest in a federal forum carries weight, "the expense, waste of judicial resources, and risk of inconsistent outcomes that may result from parallel state

13

court litigation, must also be considered." *Thornton v. McCarthy Bldg. Cos., Inc.*, No. 1:20-cv-01257, 2020 WL 6738153, at *3 (N.D. Ga. Nov. 17, 2020) (citing *Hensgens*, 833 F.2d at 1182).

Essentia contends the balancing of the equities weighs against joinder of Tews given the prejudice if it is "forced to litigate a coverage action with a tortfeasor in a negligence action arising from the same incident." ECF No. [34] at 5. Specifically, Essentia argues that "allowing a negligence action for property damage to proceed against a tortfeasor alongside a carrier who is allegedly responsible for payment of those damages would . . . [serve as] a constant reminder to a jury that insurance coverage is available and would more likely than not impact the amount of any damage award." *Id.* at 6.

Moreover, Essentia maintains that there is no compelling need to litigate the breach of contract and negligence claim jointly. *See id.* Although the two claims arise from the same incident, "[t]he legal standards are different for negligence and breach of contract, and the facts relevant to one action would not necessarily be relevant to the other." *Id.*

Plaintiff replies that the equities favor amendment because Plaintiff would be severely prejudiced if she is precluded from being able to bring her claims against Tews and Essentia in a single action, particularly because the claims against Tews are viable and Tews is indispensable to this action. Conversely, Plaintiff argues that Essentia would not be prejudiced by litigating this case alongside Tews because "this is not a case where negligence and insurance coverage are litigated together." ECF No. [48]. Therefore, were this case to proceed to trial, the jury would not be misled or confused about Tews' liability and Essentia's liability because they are separate claims involving separate conduct.

When considering the equities, the Court finds that the interests of efficiency and judicial economy favor litigating this case in a single lawsuit as opposed to parallel proceedings. As

14

Case No. 24-cv-24674-BLOOM/Elfenbein

Essentia points out in its Motion to Dismiss, resolution of whether Tews was renting Plaintiff's vehicle at the time of the incident has the potential to be dispositive to the breach of contract claim against Essentia. *See* ECF No. [8]. Therefore, allowing Plaintiff to bring the claims against Essentia and Tews will likely lead to more efficient discovery and a prompt resolution of this case.

Additionally, the Court disagrees that Essentia would be prejudiced by having its breach of contract claim litigated in tandem with the negligence claim against Tews. As both parties point out, the claims against Tews and Essentia involve separate causes of action and distinctly separate tortious conduct. *See* ECF No. [20]. Accordingly, there is not a serious risk that a jury will conflate the Defendants' respective liability, and thus, no undue prejudice. Therefore, notwithstanding Defendant's interest in litigating this case in a federal forum, the fourth *Hensgens* factor is either neutral or weighs slightly in favor of amendment.

Given that three of the four *Hensgens* factors are either neutral or weigh in favor of Plaintiff's proposed amendment, the Court finds it appropriate to allow Plaintiff leave to amend to join Tews and remand the case for lack of diversity jurisdiction.

### E. Procedural Bar—Removal is Untimely

Even if the *Hensgens* factors did not weigh in favor of allowing Plaintiff to amend to add Tews, remand would still be appropriate as it appears Essentia's removal is procedurally barred. In a diversity case, a defendant must remove the case to federal court within thirty days of service but no later than one-year after the plaintiff has initiated the action. *See* 28 U.S.C. § 1446; *Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277, 1279 (M.D. Fla. Oct. 7, 2014). "[C]ommencment of an action occurs at the filing of the complaint, and the amendment of the complaint adding a bad faith [or breach of contract] claim does not commence the action anew." *Barroso v. Allstate Prop. And Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1346 (M.D. Fla. 2013) (citing

*Van Niekerk v. Allstate Ins. Co.*, No. 12–62368–CIV, 2013 WL 253693, at *2–4 (S.D. Fla. Jan. 23, 2013)); *see also Lopez v. Robinson Aviation (RVA), Inc.*, No. 10–60241–CIV, 2010 WL 3584446, at *2 (S.D. Fla. Apr. 21, 2010) ("Even when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the 'commencement of the action' is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses."). The only exception to the one-year removal requirement is a showing that "the plaintiff acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

When removing the case, Essentia made no allegation or argument that Plaintiff acted in bad faith by adding it breach of contract claim against Essentia more than one-year after removal. Instead, Essentia contends that the "revival exception" to 28 U.S.C. § 1446 applies here. According to Essentia, "removal rights may be revived when an amended complaint is filed which 'fundamentally alters' the complexion of the case to such a degree that the amended complaint creates 'essentially a new lawsuit'" ECF No. [1] at 2 n. 2 (quoting *Clegg v. Bristol Myers Squibb Co*, 285 B.R. 23, 31 (M.D. Fla. 2002). Essentia contends that by adding Essentia as a new Defendant and bringing a cause of action involving a different insurance policy than originally alleged, Plaintiff fundamentally changed the nature of the claim thereby creating an effectively new lawsuit. *See id.*

However, as other courts in this Circuit have explained, the Eleventh Circuit has not recognized a revival exception to § 1446(b)(1) because "a defendant's right to remove an action against it from state to federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (internal quotes omitted); *see e.g.,*

16

*Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1358 (S.D. Ala. 2014) (concluding "the revival exception does not exist in, and would not be recognized by, the Eleventh Circuit."); *Barroso*, 958 F. Supp. at 1346; *Nickle v. Israel*, No. 14–62952, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015) (noting that the Eleventh Circuit has not recognized a revival exception); *cf. McCoy v. Washington*, 7:24-cv-00879, 2024 WL 4545972, (N.D. Ala. Oct. 22, 2024) (asserting the only exception to the one-year deadline is the bad faith exception outlined in 28 U.SC. § 1446). Therefore, because § 1446 is to be strictly construed, *see City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012), the Court does not find it appropriate to read a revival exception into the removal statute. Consequently, Essentia may only untimely remove a diversity case upon a showing of bad faith on the part of Plaintiff. Since no showing has been made, let alone alleged, the Court must remand this case based on the untimeliness of the removal as well. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint, **ECF No. [20]**, is **GRANTED.**
2. Plaintiff's Motion to Remand, **ECF No. [21]**, is **GRANTED.**
3. This above-captioned case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
4. The Clerk of Court shall **CLOSE** this case.
5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED** and all pending motions are **TERMINATED**.

Case No. 24-cv-24674-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record